IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID PAUL KRIKIE, § | |
| #23038307, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:23-CV-2719-L-BK |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for want of prosecution.

On March 25, 2024, the Court granted Petitioner's request to reinstate this action but also issued a second deficiency order, which required Petitioner to file a petition for writ of habeas corpus on the appropriate form. Doc. 16. *See* N.D. Tex. L.R. 5.4 and Misc. Ord. 13 (requiring petitions for writ of habeas corpus on the court-approved form). The deadline for Petitioner's response was April 23, 2024. As of the date of this recommendation, however, Petitioner has not responded to the Court's order nor sought an extension of time to do so.

In addition, online records confirm that Petitioner is no longer confined at the Bradshaw State Jail, and he has not provided a current address as of the filing of this recommendation.[1] *See*

---

[1] The inmate locator is available on the TDCJ website at this link: https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=02852575 (last accessed May 15, 2024).

Doc. 4 (requiring the petitioner to "promptly notify the Court in writing of any change of address by filing a written Notice of Change of Address with the Clerk of the Court"); Doc. 2 (same notice in Instructions to pro se party).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the second deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[2]

**SO RECOMMENDED** on May 23, 2024.

_[signature]_
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court initially construed Petitioner's *pro se* letter as a petition for writ of habeas corpus under 28 U.S.C. § 2241, as he was then confined in a county jail. Doc. 3. However, if Petitioner intends to challenge his current confinement in the Texas Department of Criminal Justice, the one-year statute of limitations for filing habeas corpus petitions in federal court is applicable to this petition as well as to any other petition that the Petitioner may file in this court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).