IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID PAUL KRIKIE,** | § | |
| *also known as* **DAVID PAUL KIRKIE,** | § | |
| **#23038307,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case No. **3:23-CV-2719-L-BK** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| Respondent. | § | |

## <u>ORDER</u>

On May 23, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18) was entered, recommending that the court dismiss without prejudice this habeas action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and comply with a court order.   Defendant filed objections to the Report, which were docketed on May 29, 2024, and June 11, 2024 (Docs. 19, 20).

Petitioner's *pro se* letter was initially construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because he was confined at that time in a county jail, and it was unclear what grounds he was raising.  A deficiency order requiring him to file a § 2241 habeas petition on the court-approved form and pay the filing fee or move to proceed *in forma pauperis* was entered. Petitioner did neither and the action was dismissed without prejudice on March 5, 2024. The case was subsequently reinstated on Petitioner's request, and he was given a second opportunity to file a § 2241 habeas petition on the court-approved form by April 23, 2024. After he failed to do so, the magistrate judge again recommended that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with a court order. Petitioner's objections followed.

Petitioner's objections are difficult to decipher. He does not mention his failure to comply with the court's second deficiency order. He, instead, challenges his September 26, 2023 state court convictions in Case Nos. F1854329 and F1871280, for which he is now confined in the Texas Department of Criminal Justice. Petitioner also recently filed a *new* habeas corpus petition under 28 U.S.C. § 2254 challenging those convictions, which were denied for failure to exhaust state court remedies because Petitioner had not filed a direct appeal or a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure. *Krikie v. State of Texas*, No. 3:24-CV-01054-E-BN (N.D. Tex. May 1, 2024).

If Petitioner seeks to file a § 2254 petition to challenge his convictions in Nos. F1854329 and F1871280, he has yet to exhaust his state court remedies. His request for an extension of time in this regard is, therefore, futile. The court's research also confirms that Petitioner has not filed an Article 11.07 state habeas application. Because the Texas Court of Criminal Appeals has not had an opportunity to consider his claims, they remain unexhausted. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (finding that a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure). For these reasons, Petitioner's objections, which do not address the basis for the magistrate judge's recommendation that this action be dismissed without prejudice under Rule 41(b), are **overruled**.

Having considered the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the

court.   Accordingly, the court **dismisses without prejudice** this habeas action, pursuant to Rule 41(b), as a result of Petitioner's failure to comply with a court order.   Petitioner may file a § 2254 petition challenging his convictions after he has exhausted his state court remedies. He is cautioned, however, that the one-year statute of limitations for filing a § 2254 habeas corpus petition in federal court applies to any petition filed by him that is brought under § 2254. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

(a)     Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b)     Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 3rd day of July, 2024.

Sam A. Lindsay
United States District Judge